525 S.E.2d 886

**Roger D. COOPER, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

**No. 25068.**

Supreme Court of South Carolina.

Submitted Sept. 24, 1998.

Decided Feb. 14, 2000.

Rehearing Denied March 9, 2000.

Deputy Chief Attorney Joseph L. Savitz, III, of South Carolina Office of Appellate Defense, Columbia, for petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa A. Knox, Assistant Attorney General Howard L. Steinberg, of Columbia, for respondent.

TOAL, Justice:

Roger Cooper ("Cooper") petitioned this Court for a writ of certiorari, contesting the Post–Conviction Relief ("PCR") court's grant of summary judgment to the State. Cooper argues the PCR court incorrectly held the one-year statute of limitations found at S.C.Code Ann. § 17–27–45(A) (Supp. 1997) [1] barred his claim for relief. We agree.

### FACTUAL/PROCEDURAL BACKGROUND

On January 3, 1994, the police arrested Cooper on a charge of burglary in the first degree. Cooper remained in custody from the time of his arrest until his plea and sentencing. On September 1, 1994, Cooper pled guilty and the judge sentenced him to fifteen years in prison, suspended upon the service of ten years. The South Carolina Department of Corrections ("SCDOC") currently lists the starting date for Cooper's sentence as September 1, 1994. Cooper did not directly appeal his guilty plea or sentence.

On February 12, 1997, more than one year after the entry of his judgment, Cooper filed a PCR application alleging that the SCDOC failed to credit him for the eight months he spent in jail before the date of his plea. Cooper claimed that because he remained incarcerated after his initial arrest, the SCDOC should have entered the starting date for his sentence as January 3, 1994, instead of September 1, 1994. The State argued that Cooper's claim was barred under the PCR Act's statute of limitations and did not challenge the substantive merits of Cooper's claim. The PCR court held that the one-

---

1. "An application for relief filed pursuant to this chapter must be filed within one year after the entry of a judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later." S.C.Code Ann. § 17–27–45(A).

year statute of limitations found in S.C.Code Ann § 17–27–45(A) barred Cooper's claim. On appeal, the question before the Court is:

Does the PCR statute of limitations contained in S.C.Code Ann § 17–27–45(A) apply to a claim that the SCDOC failed to credit a prisoner for the time he was incarcerated between his arrest and plea as provided by S.C.Code Ann. § 24–13–40 (1989)?

## LAW/ANALYSIS

In his PCR application, Cooper asserted that SCDOC should have given him credit under S.C.Code Ann. § 24–13–40 (1989) for the time he served prior to his plea. That section states: "In every case in computing time served by a prisoner, full credit against the sentence shall be given for time served prior to trial and sentencing." S.C.Code Ann. § 24–13–40. The statute provides that credit will not be given when: (1) the prisoner at the time he was imprisoned prior to trial was an escapee from another penal institution; or (2) the prisoner is serving a sentence for one offense and is awaiting trial and sentence for a second offense. *See id.* Due to the summary judgment dismissal, the record does not reveal whether either exception could apply to Cooper.

In *Al–Shabazz v. State,* 338 S.C. 354, 527 S.E.2d 742 (2000), this Court substantially modified the process by which PCR applicants and inmates raise certain types of claims. Under the ruling of *Al–Shabazz,* we find that Cooper's claim is not subject to the one-year statute of limitations because his challenge to the SCDOC's entry of his starting date is not cognizable under the PCR Act. *Al–Shabazz* states:

Given the impact of the new statute of limitations, we re-emphasize the core purpose of the PCR Act as set forth in S.C.Code Ann. § 17–27–20(a) (1985). We hold that, aside from two non-collateral matters specifically listed in the PCR Act, PCR is a proper avenue of relief *only when the applicant mounts a collateral attack challenging the validity of his conviction or sentence* as authorized by Section 17–27–20(a).

*Al–Shabazz,* at 367, 527 S.E.2d at 749 (emphasis in original). In the current matter, Cooper is not making a collateral attack on his sentence that would bring his claim under the PCR Act. Quite the contrary, Cooper is trying to enforce his sentence under the law. Even if Cooper's claim is successful "while it may affect the duration of the sentence or the quality of life in prison, [it] will not affect the validity of the underlying conviction or sentence." *Al–Shabazz, supra.* If the PCR Act applied to Cooper in this case, prisoners would have no recourse where a clerical or computer error at SCDOC changed his starting date more than one year after the statute of limitations began running.

 Since Cooper is not entitled to pursue relief under the PCR Act, we must determine how to handle his current appeal. Although future claims challenging sentence starting dates will be handled under the APA approach outlined by *Al–Shabazz,* we find that Cooper is in a unique situation and therefore should not have to begin his legal process anew. Instead of PCR, we find that on remand Cooper may seek a writ of mandamus ordering SCDOC to correct his sentence's starting date. To obtain a writ of mandamus requiring the performance of an act, the applicant must show: (1) a duty of defendant to perform the act, (2) the ministerial nature of the act, (3) the applicant's specific legal right for which the discharge of the duty is necessary, and (4) a lack of any other legal remedy. *Redmond v. Lexington County Sch. Dist. No. Four,* 314 S.C. 431, 445 S.E.2d 441 (1994). Although the record is incomplete, it appears Cooper may have a legitimate mandamus claim.

## CONCLUSION

The lower court improperly held that the statute of limitations in the PCR Act barred Cooper's claim for relief. We **REVERSE AND REMAND** for a hearing on the merits to decide if the court should issue a writ of mandamus ordering the SCDOC to correct Cooper's starting date from September 1, 1994, to January 3, 1994.

FINNEY, C.J., MOORE, WALLER, and BURNETT, JJ., concur.